[No. 38164. Department One. October 5, 1967.]

SCHIRL RICKERT et al., Appellants, v. LARRY GEPPERT, JR. et al., Respondents.*

*Comfort, Dolack, Hansler & Billett* (*Robert A. Comfort*, of counsel), for appellants.

*Murray, Dunham & Waitt* (*Wayne Murray*, of counsel), for respondents.

PER CURIAM.—Plaintiff[1] appeals from a judgment dismissing her action with prejudice entered after a jury had returned a verdict for defendant.[1]

In a prior trial, the jury also returned a defense verdict. On appeal, the judgment of dismissal was reversed because the court erred when it instructed the jury upon the issue of volenti non fit injuria. *Rickert v. Geppert*, 64 Wn.2d 350, 391 P.2d 964 (1964). The guide lines of the second trial (on appeal in the instant case) were set by our first opinion. Our pronouncement became the law of the case. The court said:

> Whether Mrs. Rickert was in a position, immediately prior to the second accident, in which she knew, or should have known, in the exercise of reasonable care, of the danger or risk of standing in the middle of the slick highway under the existing conditions, *should have been submitted to the jury solely on the issue of contributory negligence.* (Italics ours.)

Thus, the instant case is one of alleged negligence and of alleged contributory negligence.

Because our former opinion accurately details the factual situation involving two accidents, we confine ourselves to the highlights.

Plaintiff-appellant, Mrs. Schirl Rickert, stopped her automobile at the rear of a Tacoma city bus. A heavy fog covered the area; visibility was very poor; the pavement was made slippery by patches of ice. While stopped, plaintiff's automobile was struck in the rear by an automobile driven by Mrs. Lavine McLaughlin.

*Reported in 432 P.2d 645.

[1] Since the spouses of the parties are only nominal parties, we refer to the participants in the singular.

Plaintiff alighted from her car on the driver's side (her daughter occupied the right front seat) and walked back toward the McLaughlin vehicle. She found Mrs. McLaughlin to be uninjured. While returning to her own car to obtain identity information to exchange with Mrs. McLaughlin plaintiff became aware of defendant's car sliding sideways on the ice down the highway toward her. Defendant's car missed the McLaughlin automobile. Plaintiff alleges and testified that she was hit by defendant's vehicle and thrown to the ground. Defendant's car then side-swiped plaintiff's automobile and caromed across the highway into a ditch. Not more than 2 or 3 minutes intervened between the two accidents.

The position of plaintiff on the highway, and whether she was struck by defendant's car or whether she slipped on the ice, were questions for the jury which were presented to it by an instruction to which no error is assigned.

The jury again returned a verdict for defendant. The jury could have found that (1) defendant was not negligent; or, (2) plaintiff was chargeable with contributory negligence.

Two of plaintiff's 15 assignments are directed to alleged error arising from defense counsel's references, during trial, to another lawsuit maintained by plaintiff against Mrs. McLaughlin. The action arose from the fact that Mrs. McLaughlin's automobile ran into the rear of plaintiff's car while she was stopped. The case was tried to a jury pending appeal of the instant action.

We quote from plaintiff's appellate brief in the instant appeal:

Following the first trial and appeal of this case, appellant [plaintiff] filed an action against Lavine McLaughlin. *The prayer was for recovery of all appellant's [plaintiff's] injuries and damages sustained in both accidents.* (St. A3, A6) The theory of complete liability was based on the proposition that but for the first, McLaughlin accident, the second, Geppert accident probably would not have occurred, at least to appellant's [plaintiff's] detriment. (St. A1-A10) The McLaughlin jury awarded minimal damages to appellant [plaintiff] for the first accident, but refused to extend proximate cause beyond that and found for Mrs. McLaughlin on the second, Geppert accident. (St. A5-A9) (Italics ours.)

Further, plaintiff's appellate brief states:

The McLaughlin trial was in January, 1963. Naturally, appellant [plaintiff] there introduced all of her doctor bills because of the contention that Mrs. McLaughlin's negligence was the proximate cause of *both* accidents and *all* injuries. (St. A1-A9) (Italics ours.)

The jury in the instant case was instructed:

The result of the lawsuit between the Rickerts and McLaughlins is immaterial to this action and you should not speculate thereon.

There is nothing in the record before us to indicate that the jury did not follow this instruction to which no error is assigned.

We believe it significant that no error is assigned to instructions given. Nine assignments of error, however, are directed to instructions requested and refused.

It would extend this opinion beyond acceptable bounds to set forth the requested instructions verbatim. We have carefully studied the

requested instructions in the light of the evidence and the instructions given. We conclude that the court did not err when it refused to give them for at least one of various reasons: (a) the requested instruction was not justified by the evidence; (b) the instruction requested was adequately covered by an instruction given; (c) the instruction did not correctly state the law; or (d) the requested instruction would have been a comment on the evidence.

Two assignments of error are directed to the argument of counsel; two are technical. We find them without merit.

The judgment of dismissal is affirmed.