[No. 39238. Department Two. October 3, 1968.]

HAROLD R. ELMER, as *Guardian, Respondent,* v. LOUIS N. VANDERFORD, *Appellant.*\*

*Reported in 445 P.2d 612.

*Karr, Tuttle, Campbell, Koch & Granberg* and *Craig P. Campbell,* for appellant.

*Chamberlin & Johnson,* by *G. B. Chamberlin,* for respondent.

HAMILTON, J.—Respondent, Harold R. Elmer, as guardian ad litem on behalf of his minor son, instituted this action to recover compensation for property damage and personal injuries sustained by his son when the motor scooter his son was operating collided with the rear of an automobile driven by appellant, Louis N. Vanderford. From a jury verdict favorable to respondent, appellant prosecutes this appeal.

The circumstances surrounding the accident, as derivable from the statement of facts, are somewhat obscure due to the fact that the witnesses in their testimony made references to drawings and illustrations which were not made a part of the record. We are, accordingly, handicapped in reconstructing and evaluating all of the pertinent occurrences.

From the uncontroverted testimony, it appears that on a July afternoon appellant's automobile was parked along the right or north curb of Eighth Street, Port Angeles, Washington, heading west. There was at least one car parked at either end of appellant's vehicle, with adequate space for easy maneuverability left between them. The weather was slightly misty. Appellant, upon returning from an errand, entered his vehicle and without signaling his intentions by hand or electric turn signal, drove out of his parking place onto the westbound travel lane of the street.

At this same time, respondent's son (hereafter referred to as respondent), then 19 years old, was driving his motor

scooter west on Eighth Street and collided with the rear of appellant's vehicle.

The time, speed, and distance factors involved in the accident are in dispute and beclouded somewhat by the omission of the demonstrative aids used at the trial.

Respondent's version of the event may be summarized by the following quotation from his testimony:

> Well, as I was approaching Peabody Street—I remember about a couple blocks back, I remember hitting a bump, I guess when they paved the road or something there was a bump there, and that made me look at my speedometer, and as I approached the State Patrol office I know I was going twenty, and then all of a sudden from the side a car pulled out in front of me, I didn't have a chance to apply the brakes, all I could do was yell, and then there was a collision and I was flipped, I don't know how I was flipped but I remember coming to my senses on the pavement and—sometimes it's hard, you don't remember, the pains you go through—

Respondent estimated that he was from 10 to 20 feet from appellant's car when it pulled in front of him and that at that time the automobile was traveling approximately 20 miles an hour. He further testified that the brakes on his motor scooter were in good condition, and that any weakness of the brakes discernible after the accident was attributable to damage arising out of the collision. Respondent also stated that had time and distance permitted he could have avoided the accident by either stopping, turning out, or "dumping" his motor scooter before impact.

On the other hand, appellant's version of events leading up to the collision was to the effect that he had driven upwards of 60 or more feet from his parked position and was traveling at 15 miles an hour when in a single instant he heard an exclamation, saw respondent in his rear view mirror, and felt the impact. He produced testimony to the effect that post-accident examination of respondent's motor scooter indicated that the brakes were very weak and that respondent or his father admitted to him that such was their condition before the accident.

Testimony of other witnesses variously placed the point of impact from 50 to 60 or more feet west of a point where the rear of appellant's automobile would have been situated while parked along the curb. One witness estimated the speed of the respective vehicles before and at impact at 8 to 10 miles an hour for appellant's automobile and 16 to 20 miles an hour for respondent's motor scooter.

The premise for respondent's claim for relief lay in his allegation that appellant failed to yield the right of way and to display an appropriate signal before leaving his parked position. By way of affirmative defense, appellant alleged that respondent was contributorially negligent in not maintaining a proper lookout for traffic ahead and in failing to maintain the brakes on his motor scooter in a proper condition.

The allegations of negligence and contributory negligence were submitted to the jury, who, in turn, as we have indicated, found in favor of respondent. Appellant's post trial motions for judgment notwithstanding the verdict and, alternatively, for a new trial were denied.

Appellant first contends that his motion for judgment notwithstanding the verdict should have been granted. Appellant predicates this contention upon his assertion that the time, speed, and distance factors involved uncontrovertably established respondent's lack of attentiveness and resultant contributory negligence as a matter of law. He supports this argument with comprehensive mathematical computations, and references to inconsistencies in the testimony of respondent.

■ We approach this contention with an eye to the oft-cited rule to the effect that:

> Such a motion involves no element of discretion and will not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from evidence sufficient to sustain the verdict. In ruling on a motion for judgment notwithstanding the verdict, the evidence must be viewed in the light most favorable to the party against whom the motion is made, and all material evidence favorable to the contention of the party benefited by the verdict must be taken as true.

If there is substantial evidence supporting the verdict of the jury, as distinguished from a mere scintilla of evidence, the verdict must stand. *Grange v. Finlay,* 58 Wn. 2d 528, 529, 364 P.2d 234 (1961).

■ A second long-standing rule, too, comes in to play. It was first enunciated in *McQuillan v. Seattle,* 10 Wash. 464, 38 Pac. 1119 (1895), and adhered to as late as *Dahl v. Klampher,* 71 Wn.2d 203, 427 P.2d 709 (1967). We quote it from the *McQuillan* case, *supra,* at 466:

There are two classes of cases in which the question of negligence may be determined by the court as a conclusion of law, . . . . The first is where the circumstances of the case are such that the standard of duty is fixed, and the measure of duty defined, by law, and is the same under all circumstances. . . . And the second is where the facts are undisputed and but one reasonable inference can be drawn from them. . . . If different results might be honestly reached by different minds then negligence is not a question of law, but one of fact for the jury.

The gist of respondent's testimony was that appellant's automobile suddenly, rapidly and without warning pulled away from the curb directly into his immediate path of travel, and that collision was inescapable. Appellant's testimony disputed respondent's version.

■ According to the foregoing rules respondent's version must, for purposes of passing upon appellant's contention, be accepted as true, and when so regarded, and pitted against appellant's account, a controverted issue emerges upon and about which different conclusions might honestly be reached. Under these circumstances appellant's contention is without merit, unless it can be said that the physical facts and the time, speed, and distance factors are so clear, uncontroverted, and positive as to render respondent's testimony utterly incredible. *Mouso v. Bellingham & N. Ry.,* 106 Wash. 299, 179 Pac. 848 (1919); *Day v. Frazer,* 59 Wn.2d 659, 369 P.2d 859 (1962).

Our review of the testimony does not lead us to the latter conclusion. The evidence is indefinite, inconclusive, and

contradictive as to speeds, distances, and the point of impact. Specifics cannot be determined with the necessary degree of certainty. Mathematical computations applied to the variables, while supportive of appellant's theory, do not preclude respondent's version.

We conclude that the trial court did not err in denying appellant's motion for judgment notwithstanding the verdict.

In the alternative, appellant asks for a new trial, assigning error to certain of the instructions given and to the refusal to submit certain proposed instructions.

We find no error in the instructions given and to which appellant directs his assignments. We are persuaded, however, that the trial court committed error in failing to give appellant's proposed instruction, which reads:

> The statutes of the State of Washington provide that:
>
> Every motor scooter operated upon a public road shall possess brakes which are capable of stopping a motor scooter traveling at 20 miles per hour in a distance of not more than thirty feet.
>
> The statute also requires that the brakes be capable of causing the scooter to decelerate at a rate of at least 14 feet per second per second. These requirements relate to a vehicle traveling on a substantially level, dry, smooth, hard surface [sic] that is fee [sic] from loose material.

This instruction constitutes an accurate adaptation of RCW 46.37.351. No other instruction was given relative to brakes or braking requirements. Appellant excepted to the trial court's refusal to give it.

It was appellant's theory of the case that respondent had ample time and distance to observe appellant's vehicle after it left the curb, and that respondent's failure to avoid the accident was occasioned by inattentiveness and/or faulty brakes. In support of his contentions, appellant adduced evidence that his vehicle traveled at least 50 to 60 feet at a relatively low speed before impact. From this evidence it is reasonably deducible that respondent, traveling at a greater speed, must have traversed an equal or greater distance before the collision during the course of which he

could have observed appellant's vehicle and undertaken the use of the brakes. In addition, appellant presented circumstantial as well as direct testimony—in the form of the admission by respondent or his father—that the motor scooter's brakes were weak if not defective and that respondent was aware of this before the accident.

The street was hard surface and level. The evidence was conflicting as to its dryness at the time of the accident.

■ Each party is entitled, when the evidence warrants it, to have his theory of the case submitted to the jury under appropriate and requested instructions. *Allen v. Hart,* 32 Wn.2d 173, 201 P.2d 145 (1948). In this case, substantial evidence, reasonably construed, supports appellant's theory concerning the relationship of faulty brakes to the accident. Appellant was therefore entitled to have the jury advised of the statutory braking requirements for motor scooters to enable it to fairly weigh and evaluate appellant's contentions of contributory negligence and causal connection. Since the law of the instruction was not otherwise covered, it was prejudicial error to omit it. *Sewall v. MacRae,* 52 Wn.2d 103, 323 P.2d 236 (1958).

We find no merit in appellant's remaining assignments of error.

The cause must be remanded for new trial. No assignment of error is directed to the issue or amount of damages, and the testimony bearing upon that issue has not been brought before us. Accordingly, the trial court, in its discretion, may limit or not, as the circumstances warrant, the retrial to the issue of liability.

Costs will abide the result of the new trial.

HILL, HUNTER, and McGOVERN, JJ., and LANGENBACH, J. Pro Tem., concur.

December 11, 1968. Petition for rehearing denied.