Gully **WILSON**, Appellant,

v.

**SOCIETA ITALIANA de ARMAMENTO.
(SIDARMA)**, Appellee.

No. 25890.

United States Court of Appeals
Fifth Circuit.

April 1, 1969.

Irving Novick, Leonard B. Levy, New Orleans, La., for appellant.

Charles Kohlmeyer, Jr., Thomas W. Thorne, Jr., Benjamin W. Yancey, Walter Carroll, Jr., New Orleans, La., for appellee.

Before WISDOM, THORNBERRY, and GOLDBERG, Circuit Judges.

PER CURIAM:

Gully Wilson brought this suit, basing jurisdiction on diversity of citizenship and the General Maritime Law, to recover for injuries he sustained while working as a longshoreman aboard the S/S ANDREA GRITTI, which was owned and operated by Societa Italiana de Armamento (Sidarma). On August 19, 1964, Wilson, with the aid of his fellow longshoremen, was loading bales of pulp paper in the wing of the vessel. Each bale was approximately four feet long, two feet wide, and one and one-half feet high and weighed between two and three hundred pounds. A vertical post and an overhead beam were located near the hatch opening and the area in which the

bales were being stacked. Neither the post nor the beam interfered with the stacking of the bales, although they did require Wilson to crouch while working. Wilson and his fellow longshoremen were in the process of stowing the fourth layer of bales and had reached the area near the post and beam when a bale, instead of going up into position, bounced or fell in such a way that it struck Wilson on the head, pinning him between the post and the already stowed bales. Wilson filed suit in the district court, who, sitting without a jury, entered judgment for Sidarma.

The issues Wilson presents on appeal are factual issues decided against him by the district court. First, Wilson argues that the district court erred in failing to find that the post was a substantial, contributing cause of his injury. The district court found that the presence of the post and beam in no way contributed to the accident since the bales fell so fast that Wilson had no time to try to get out of the way. We cannot say that this finding is clearly erroneous.

Second, Wilson argues that the post and the beam constituted an unsafe condition. In loading the bale on the fourth layer, Wilson was confined between the bales already stowed and the post. The mere fact, however, that the area in which a longshoreman may be obliged to work is cramped or confining does not render the area unsafe as a matter of law. Luna v. Kawasaki Kisan Kaisho, Ltd., S.D.Cal.1965, 245 F.Supp. 152. On the evidence presented, the district court found that the area was not so confining as to render it unsafe, and we cannot say that this finding is clearly erroneous. Moreover, even if the district court had found that the area was unsafe, Wilson would not be entitled to recovery because the district court also found, a finding amply supported by the evidence, that the post and beam did not interfere with the positioning of the bale and that the sole proximate cause of the injury was the unexplained failure on the part of Wilson and his fellow longshoremen to lift and position bale.

Finally, Wilson maintains that the district court erred in failing to find that the operational negligence of Wilson's fellow longshoremen made the vessel unseaworthy. This question is not before this Court, for the district court found that Wilson had failed to prove that the bale fell because of the negligence of his fellow longshoremen as opposed to his own negligence. The evidence supports this determination.

The judgment is affirmed.