[No. 25-40275-3.   Division Three.   October 1, 1969.]

RAY JURGENS, *Respondent*, v. THE AMERICAN LEGION, CASHMERE POST 64 INC., *Appellant*.

*Michael B. Jeffers* and *Hughes, Jeffers & Jeffers*, for appellant.

*Frank T. Kuntz* and *Hamilton, Lynch & Kuntz*, for respondent.

MUNSON, J.—Respondent brought an action against appellant for damages due to an injury which he suffered while mowing a baseball field at the request of the appel-

lant. This appeal is taken from a verdict in favor of the respondent.

On July 17, 1966, respondent, pursuant to a request by Claude Clark, manager of appellant's baseball team and supervisor of the field, was mowing a ball field owned by the town of Cashmere but under the supervision and control of the appellant. While mowing, respondent was struck about the right eye by an object which destroyed his sight in that eye and eventually led to its removal. Although the object which caused the injury was never recovered, the area in which he was mowing contained debris and rocks, which fact was known to appellant through Clark and Blake McDonald, a coach and the person who usually mowed the field. The trial court held both Clark and McDonald to be agents of appellant. It was further admitted by counsel for appellant on oral argument to this court, that whatever the object that injured respondent, it undoubtedly was propelled by the mowing machine into his face. Realizing the dangerous condition caused by the presence of rocks and debris, McDonald always avoided the area in which they lay, which was near the fence line, when he mowed the field. As a result, that area was covered with taller grass than the rest of the field.

Because of the unavailability of McDonald's mower, respondent was asked to use his equipment to perform this task. This mower is a large orchard grass mower pulled by a tractor and is similar to a common rotary lawn mower, only larger. At no time was respondent told of the presence of any rocks or debris on the field, even though, at the time of mowing, Clark was present.

Respondent mowed the field in a back and forth operation. When ball players came onto the outfield, and were not responsive to his request that they wait until he finished mowing, he changed his method of operation. He backed the mower toward the outfield fence so he could mow that area without endangering ball players. It was during this method of operation, while he was looking over his right shoulder watching the mowing operation, that he was injured.

Appellant makes three assignments of error allegedly committed by the trial court in failing to dismiss this action as a matter of law at the conclusion of all the evidence.

1. There was insufficient evidence to prove that appellant's negligence was the proximate cause of the respondent's injury;

2. Respondent voluntarily consented to expose himself to known risk; and

3. Respondent's injury was caused by his own contributory negligence.

■■ There are two classifications of cases in which the question of negligence may be determined by the trial court as a conclusion of law. *Elmer v. Vanderford,* 74 Wn.2d 546, 445 P.2d 612 (1968); *McQuillan v. Seattle,* 10 Wash. 464, 38 P. 1119 (1895). In the *McQuillan* case the court stated, in part, at 466:

> The first is where the circumstances of the case are such that the standard of duty is fixed, and the measure of duty defined, by law, and is the same under all circumstances. . . . And the second is where the facts are undisputed and but one reasonable inference can be drawn from them. . . . If different results might be honestly reached by different minds then negligence is not a question of law, but one of fact for the jury.

The elements of actionable negligence are (1) the existence of a duty, (2) a breach thereof, which was a proximate cause of, (3) a resulting injury. *Rosendahl v. Lesourd Methodist Church,* 68 Wn.2d 180, 182, 412 P.2d 109 (1966); *Christensen v. Weyerhaeuser Timber Co.,* 16 Wn.2d 424, 434, 133 P.2d 797 (1943).

There is no dispute that the respondent was an invitee of the appellant. *McKinnon v. Washington Fed. Sav. & Loan Ass'n,* 68 Wn.2d 644, 414 P.2d 773 (1966); *Miniken v. Carr,* 71 Wn.2d 325, 428 P.2d 716 (1967).

■ The owner and occupier of the premises has a duty to warn invitees of any dangerous conditions which it knew of, or could have discovered with reasonable inspection, which was not known or discoverable by the invitee using

reasonable care for his own protection, *i.e.*, the degree of care which a man of ordinary prudence would exercise under the circumstances. *Hemmen v. Clark's Restaurant Enterprises*, 72 Wn.2d 690, 695, 434 P.2d 729 (1967); *Miniken v. Carr, supra; McKinnon v. Washington Fed. Sav. & Loan Ass'n, supra; Kalinowski v. Young Women's Christian Ass'n*, 17 Wn.2d 380, 135 P.2d 852 (1943); Restatement of Tort, § 343a(1); 2 F. Harper & F. James, The Law of Torts § 27.12 (1956).

Is is undisputed that the appellant gave no warning to respondent regarding the presence of rocks and debris in the area to be mowed, which condition was known to agents of appellant. It is further undisputed that the one who usually mowed the field did not mow in this area because he knew of their existence. Given the fact that respondent was mowing an established ball field, there was nothing to put him on notice of the existence of a dangerous condition in that area and that he should closely inspect the field for his own protection. In fact, failure to warn, coupled with the nature of the area to be mowed, might tend to lessen respondent's feeling of need for inspection. In addition, the presence of rock and debris was further camouflaged by the tall grass which made that condition less noticeable from a moving tractor. These are all facts upon which reasonable minds could differ. There was presented a jury question as to whether or not an act or omission on the part of appellant amounted to negligence. *Laudermilk v. Carpenter*, 76 W.D.2d 699, 457 P.2d 1004 (1969); *Gordon v. Deer Park School Dist. 414*, 71 Wn.2d 119, 122, 426 P.2d 824 (1967).

As to the two remaining assignments of error, the trial court could not rule as a matter of law that respondent had either voluntarily consented to expose himself to a known risk or was contributorially negligent. The court did instruct the jury on the issue of contributory negligence but no instructions were proposed on the issue of volenti non fit injuria, although instructions 10 and 12 approximate the elements of that principle. *Regan v. Seattle*, 76 W.D.2d 661,

458 P.2d 12 (1969); *Detrick v. Garretson Packing Co.,* 73 Wn.2d 804, 440 P.2d 834 (1968).

The jury is the trier of facts. If its judgment is based upon competent evidence, legally introduced, this court will not inquire further into its sufficiency nor substitute its findings for those of the trier of facts. *Ladley v. St. Paul Fire & Marine Ins. Co.,* 73 Wn.2d 928, 442 P.2d 983 (1968); *Wise v. Farden,* 53 Wn.2d 162, 332 P.2d 454 (1958); *Graves v. L. H. Griffith Realty & Banking Co.,* 3 Wash. 742, 29 P. 344 (1892).

Judgment is affirmed.

EVANS, C. J., and GREEN, J., concur.