[No. 27-40198-1.    Division One.    October 27, 1969.]
Panel 1

EVELYN V. MIESEN, *Appellant*, v. INSURANCE COMPANY OF
NORTH AMERICA *et al., Respondents*.

*Dore, Dubuar, Cunningham & Badley* and *Garl Watkins,*
for appellant.

*Detels, Draper & Marinkovich, Skeel, McKelvy, Henke,
Evenson & Betts, Ogden, Ogden & Murphy,* and *Franklin &
Watkins,* for respondents.

FARRIS, J.—The plaintiff-appellant, Evelyn V. Miesen,
sued as the beneficiary of certain insurance policies on the
life of her husband. These policies were payable in the
event of accidental death.

On March 11, 1965, Vincent Miesen, husband of the
plaintiff, had stopped his car for an open drawbridge when
he was struck from the rear by another vehicle. He died on

April 13, 1965. All medical witnesses agreed that the cause of his death was myocardial infarction. Mr. Miesen had an arteriosclerotic buildup in the coronary arteries which was present, but not discovered, prior to the accident. The issue is the cause in fact of the myocardial infarction. The insurance policies are payable only if death resulted from bodily injury caused by an accident, directly and independently of all other causes.

From a judgment for defendants, the plaintiff has appealed, assigning error upon four separate grounds.

Error is first assigned to the court's failure to instruct the jury as to plaintiff's theory of the case.

Plaintiff alleges that the sole cause of Vincent Miesen's death was the automobile accident of March 11, 1965. Her theory treats the disease of arteriosclerosis as a condition to and not a cause of the death. There is authority to support this theory. *Pierce v. Pacific Mut. Life Ins. Co.*, 7 Wn.2d 151, 109 P.2d 322 (1941). *Graham v. Police & Firemen's Ins. Ass'n*, 10 Wn.2d 288, 295, 116 P.2d 352 (1941).

The trial court refused to give plaintiff's requested instructions as follows:

> If you find from the evidence that the death of Vincent F. Miesen resulted directly and independently of all other causes from bodily injuries sustained solely through external, violent and accidental means, then you will find for the plaintiff. This notwithstanding it may appear from the evidence in the case that upon subsequent investigation an arteriosclerotic condition may have existed prior to and at the time the accidental injury happened; provided further that you find that Vincent F. Miesen would not have had the active, moving disorder that produced his death at the time and in the manner he did have it, if he had not been injured in the automobile accident.

Instruction No. 11.

> You are instructed that the fact that a physical infirmity of Vincent Miesen may have been a necessary condition to his death, if you so find, would not prevent you from finding that the automobile accident in this case was the sole producing cause of death.

Instruction No. 2.

■ Each party to a lawsuit is entitled, when the evidence warrants it, to have his theory of the case submitted to the jury under appropriate and submitted instructions, *Elmer v. Vanderford*, 74 Wn.2d 546, 445 P.2d 612 (1968). An instruction that is erroneous need not be given. *Impero v. Whatcom County*, 71 Wn.2d 438, 430 P.2d 173 (1967).

■ The proposed instructions were properly refused by the trial court. They constituted a comment on the evidence by the trial court in violation of article 4, section 16, of the state constitution. This constitutional provision prohibits the trial judge from any action or words which would convey to the jury his personal opinion as to the truth or falsity of any evidence. *State v. Brown*, 19 Wn.2d 195, 142 P.2d 257 (1943).

The second sentence of requested instruction No. 11 indicated that there was a question whether the deceased had arteriosclerosis at the time of the accident. There was no factual dispute; Miesen had arteriosclerosis at the time of the accident.

Requested instruction No. 2 would have had the effect of defining the disease as a "condition." Because the ultimate issue was whether the arteriosclerosis was a cause or a condition, the trial judge could not give the instruction as requested.

■ It was not error for the trial judge to prepare his own instruction when the parties failed to submit proper instructions. See *Zolawenski v. Aberdeen*, 72 Wash. 95, 129 P. 1090 (1913). The instruction prepared by the court set forth the relevant text of the insuring agreements. The language of the policies is not prejudicial to one party or the other if it represents the actual contractual agreement. The plaintiff had the opportunity to submit a more favorable instruction within the law but her ability to submit a proper instruction was limited by the evidence. The court is never required to give an instruction that is not supported by the evidence. *Rickert v. Geppert*, 72 Wn.2d 1040, 432 P.2d 645 (1967).

■ The plaintiff contends that it was error to allow Dr. Frank Busteed to testify from his notes regarding the autopsy which he performed. He had no independent recollection of the autopsy. The trial court ruled that the autopsy report was past recollection recorded. We agree. The prerequisites for admission of past recollection recorded are set forth in *State v. Benson,* 58 Wn.2d 490, 364 P.2d 220 (1961):

> (1) The witness has no independent recollection of the facts, (2) the writing itself does not bring back any distinct recollection of the circumstances, (3) the writing was prepared concurrently (or almost) with the facts . . . (4) that the witness knew that the memorandum was true when written, and (5) that the memorandum or writing was an accurate and complete record of what transpired.

These prerequisites were met. There was no error.

The plaintiff complains that the court instructed the jury that payment to her of $7,500 had been made by Republic National Life Insurance Company. She sued on a policy which contained a provision for payment of the sum of $7,500 upon death and the additional sum of $7,500 in the event of accidental death, and the entire policy was introduced into evidence. Upon those facts, it was not error to instruct the jury that the $7,500 death benefit had been paid.

The plaintiff assigns error to the introduction of the record of Providence Hospital, Seattle (exhibit 2A) which included the autopsy report. The autopsy report recited the procedures followed, observations made, the condition of the organs examined and the examiner's conclusions regarding the severity of the condition. The basic objection to the exhibit was that the conclusions regarding the severity of the condition were based upon speculation and conjecture. We need not answer this question since the record supports the trial court's conclusion that the parties stipulated to the admission of the exhibit at the time of the pretrial conference. We find no error in this procedure.

The ultimate question was whether the accident, acting

independently, caused the death, with the arteriosclerosis being merely a necessary condition or whether the two combined to cause the death. The burden of resolving this issue required instructions which put the question to the jury in the simplest and most straightforward manner possible. This was done, without prejudicing either theory of the case, with the instructions given. We cannot reverse, even if we believe that instructions more favorable to the plaintiff may have been given, unless we find an error in the instructions given or error in the refusal to give plaintiff's proposed instructions.

We find no error. The trial court is affirmed.

JAMES, C. J., and SWANSON, J., concur.

Petition for rehearing denied January 14, 1970.