COLUMBIA HELICOPTERS, INC.,
Plaintiff,

v.

UNITED STATES of America, Acting By
and Through the BONNEVILLE POW-
ER ADMINISTRATION (DEPART-
MENT OF the INTERIOR), Defendant.

Civ. No. 68–208.

United States District Court,
D. Oregon.

Nov. 18, 1969.

Sidney I. Lezak, U. S. Atty., Michael L. Morehouse, Asst. U. S. Atty., Portland, Or., for defendant.

Franklin, Olsen, Bennett, Des Brisey & Jolles, Portland, Or., for plaintiff.

OPINION

SOLOMON, Chief Judge.

Plaintiff filed an action for indemnification or contribution, as well as for damages, under the Federal Tort Claims Act. The case was submitted on stipulated facts.

The Oregon State Fish Commission contracted with Columbia Helicopters (Columbia), who agreed to furnish a helicopter and a pilot for making a survey of streams along the Oregon Coast. Early in the morning of April 19, 1966, a Columbia helicopter, piloted by Roger Lamoureux and carrying two employees of the Oregon State Fish Commission, began a flight over East Beaver Creek. The weather was calm and clear. Lamoureux flew the helicopter at a low altitude and a slow speed to allow the State employees to observe conditions in the creek. At approximately eight-thirty that morning, the helicopter struck a Bonneville Power transmission line suspended over East Beaver Creek. The helicopter was completely destroyed and all three persons aboard were killed.

At the point of impact, the transmission line was 154 feet above the ground. Two other lines were also suspended over the creek at slightly different altitudes. Each line was .642 inches thick. There were no warning markers on any of the lines. The lines were supported by two towers on either side of the valley. The towers were located in wooded areas through which a swath was cut. The towers and swaths were visible to aircraft flying directly over the lines, but not to low-flying aircraft approaching from the west. On the evening prior to the flight, the pilot examined two maps which clearly indicated the line. These maps were aboard the helicopter when it crashed. There is no evi-

dence whether the helicopter overflew the area before beginning the survey.

As a result of the collision, the survivors of the deceased passengers filed two actions against Columbia under the Oregon Employer's Liability Act. After a judgment was entered in one of the actions, both claims were settled for $200,000.00.

Columbia filed this action for $200,000.00 indemnity, or in the alternative for contribution, and for damages in the amount of $26,387.30 for loss of the helicopter.

Columbia contends that the government was negligent in failing to mark the transmission line with warning devices. Columbia claims it has a right to either indemnity or contribution because the government's negligence was the sole cause, or at least a major cause of the accident.

The government denies that it was negligent, or if negligent, contends that it cannot be liable for indemnity because it was only passively negligent.

The issue before this Court is whether Columbia is entitled to indemnity, contribution, or damages.

I find that Columbia is not entitled to recover because it was solely responsible for the accident.

Roger Lamoureux was an experienced flier who had logged more than 1,100 hours of helicopter flying time. The flight was one of a series which he and his passengers were making over streams and rivers along the Southern Oregon Coast. If Lamoureux knew where the line was located, he was negligent in failing to fly at a higher altitude as he approached it. If he did not know, he was negligent in failing to study the maps on which the line was marked.

The Federal Aviation Agency adopted guidelines for determining when an object is an obstruction to aviation.[1] The major guideline is the height and location of the object. Transmission lines which are suspended at exceptionally high elevations, over large rivers, or near airports are obstructions. 14 C.F.R. § 77.23. The government has been found negligent for failing to mark obstructing lines.[2]

Here, the line was suspended at a low elevation, over a small creek which is miles from any regular flight path. The Federal Aviation Agency does not consider it an obstruction to air traffic.[3] I find that under these circumstances the government was not required to mark the transmission line.

Since the government was not negligent, it cannot be liable to Columbia for indemnity, contribution, or damages.

This opinion shall serve as findings of fact and conclusions of law under Rule 52(a), Fed.R.Civ.P.

---

1. *See* generally 14 C.F.R. § 77.

2. *See, e. g.*, Yoffee v. Pennsylvania Power & Light Co., 385 Pa. 520, 123 A.2d 636 (Pa.1956); and United States v. State of Washington, 351 F.2d 913 (9th Cir. 1965).

