[No. 614-41256-1.    Division One—Panel 2.    December 14, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. PAUL MOSS, *Appellant.*

*Talbot, Smith & Stone* and *Edwin S. Stone*, for appellant (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney*, and *Paul M. Acheson, Deputy*, for respondent.

WILLIAMS, J.—Defendant Paul Moss appeals from a conviction of robbery entered upon a guilty verdict of a jury.

The evidence which the jury was free to believe shows that on February 18, 1969, at approximately 1 p.m., appellant and one Albert James Stewart entered the J & K Grocery in Seattle. Stewart ordered the sales clerk to place all of the store's money in a paper bag. The clerk testified that appellant made threatening motions, as though he had a weapon in his pocket. Both men together ran from the store and removed their jackets, hiding them in a parking lot. Appellant and Stewart were arrested separately in the neighborhood within an hour.

Appellant contends that the trial court commented on the evidence in violation of Washington State Constitution article 4, section 16 by permitting the confession of Stewart, also charged with the crime, to be read to the jury and introduced into evidence. The confession was read to impeach Stewart, who was called as a witness for the defense. Appellant's theory is that the reading was improper 'impeachment because Stewart's testimony at the trial was substantially consistent with the confession and because no foundation was laid as required by the rule of *Webb v. Seattle*, 22 Wn.2d 596, 157 P.2d 312, 158 A.L.R. 810 (1945). He also assigns error to the introduction of the written confession as an exhibit in the case.

Prior to the reading of the confession, Stewart testified that appellant merely accompanied him into the store

without knowledge of his plan to rob. The confession, however, stated that Stewart and appellant had mutually decided to rob the store. Stewart admitted making the confession, but by way of explanation said it was "no good." Use of the confession was proper impeachment because it tended to contradict the witness' testimony on a material issue. The record reveals that Stewart acknowledged making the confession to a detective on the day of his arrest and that the signature on the confession was his. It further appears that he was afforded the opportunity to explain it is any way he wished. The trial court properly decided that the necessary foundation had been laid. *See McCall v. Washington Co-operative Farmers Ass'n*, 35 Wn.2d 337, 212 P.2d 813 (1949).

No reason was given in appellant's objection to the admission of the written confession. Hence, it may not be considered on appeal. *Seattle v. Bryan*, 53 Wn.2d 321, 333 P.2d 680 (1958).

We find no merit in appellant's next contention that the submission of instructions on "flight as evidence of guilt" and "aiding and abetting" were unwarranted by the evidence and, therefore, constituted a comment on the evidence. The record is replete with evidence justifying the inclusion of these instructions. The state was entitled to have its theory of the case submitted to the jury under appropriate and requested instructions. *Elmer v. Vanderford*, 74 Wn.2d 546, 445 P.2d 612 (1968); *Miesen v. Insurance Co. of North America*, 1 Wn. App. 185, 460 P.2d 292 (1969).

The other assignments of error concern remarks made by the prosecuting attorney during opening and closing argument and cannot be reviewed because they are not included in the statement of facts. *State v. Jakubowski*, 77 Wash. 78, 137 P. 448 (1913).

The judgment is affirmed.

Horowitz, A. C. J., and Utter, J., concur.