[No. 216-40968-1. Division One—Panel 2. January 11, 1971.]

WARREN THOMAS, *Appellant*, v. GENERAL CONSTRUCTION COMPANY et al., *Respondents*.

*Jackson, Ulvestad & Goodwin* and *Daniel G. Goodwin,* for appellant.

*Detels, Draper & Marinkovich* and *Frank W. Draper,* for respondent General Construction Company.

*Thomas, Holman, Holman & Dawson* and *Millard C. Thomas,* for respondent McCray Marine Construction, Inc.

WILLIAMS, J.—This appeal is from a judgment of dismissal entered upon the verdict of 'a jury denying a claim made under the general maritime law and the Jones Act, 46 U.S.C. § 688 (1920), for injuries sustained by the appellant while serving as a seaman aboard respondents' pipe launching barge in Elliot Bay. Appellant, 'an employee of the respondents, was directed to assist the captain of respondents' tug in moving the barge from one point in the bay to another. Sections of large concrete pipe had been loaded on the barge in two rows running fore and aft with a space of about 3 feet between the rows. By the time the barge, which was being pushed by the tug, reached its moorage it was dark; and when it appeared that it would overrun the moorage, appellant attempted to signal the captain to stop. To do so, appellant went aft between the rows of pipe on the barge, although the normal route was along either side of the barge. As he did so, he fell over an object which was, according to his testimony, a coil of scrap cable.

From the fall he sustained injuries for which he claims recovery.

All of the assignments of error are directed to the instructions given, or offered by the 'appellant and not given.

They fall into three categories: seaworthiness, negligence, and medical payments instructions.

The court gave instructions Nos. 6 and 8 on seaworthiness as follows:

## No. 6

Under the maritime law, a shipowner warrants to its seamen that its vessel is seaworthy. By this is meant that the vessel is properly equipped and maintained, and that the appliances aboard the vessel are reasonably safe for the purposes for which they are designed or intended.

An owner is not obliged to provide the best possible vessel and gear, and his obligation as to seaworthiness is tested by whether the owner has provided a vessel and gear and crew reasonably safe and suitable for ordinary use. The standard of seaworthiness is not perfection, but reasonable fitness for the service in which the vessel is engaged.

Unseaworthiness, as distinguished from negligence may exist without regard to fault on the part of the vessel owner.

## No. 8

The defendants were not obligated to furnish an accident-free barge. The duty to furnish a seaworthy vessel is absolute, but it is a duty only to furnish a vessel, appurtenances and equipment which were reasonably fit for their intended use under the circumstances.

You are instructed that the defendants are not insurers of the personal safety of persons working aboard their barge, and they are not liable for injuries to such persons unless such injuries were proximately caused by the unseaworthiness of the barge or by the negligence of the defendants.

██ Appellant does not say that these instructions do not state the law, but contends that they are incomplete and slanted toward what the defendants did not have to do, rather than to depict a vessel owner's positive duties toward seamen in his employ. Two of the issues in the case were whether appellant fell over *debris* or ship's tackle, and whether this occurred in a *passageway* or some other part of the deck. The instructions offered by appellant and

refused by the court assumed that he fell over *debris* in a *passageway*. Instructions may not be written so that they assume as true material facts which are in issue. *Ashley v. Ensley*, 44 Wn.2d 74, 265 P.2d 829 (1954). It is not error to refuse to give a proposed instruction that is erroneous in any respect. *Vogel v. Alaska S.S. Co.*, 69 Wn.2d 497, 419 P.2d 141 (1966); *Miesen v. Insurance Co. of North America*, 1 Wn. App. 185, 460 P.2d 292 (1969).

Moreover, the court's seaworthiness instructions adequately set forth the doctrine of seaworthiness. *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 4 L. Ed. 2d 941, 80 S. Ct. 926 (1960); *Boudoin v. Lykes Brothers S.S. Co.*, 348 U.S. 336, 99 L. Ed. 354, 75 S. Ct. 382 (1955); *Wilson v. Societa Italiana De Armamento (Sidarma)*, 279 F. Supp. 945 (E. D. La. 1968), *aff'd* 409 F.2d 484 (5th Cir. 1969).

In his brief, appellant contends the court's instructions Nos. 7 and 9 on negligence were erroneous. No exception was taken to instruction No. 7 and it became the law of the case. *O'Brien v. Artz*, 74 Wn.2d 558, 445 P.2d 632 (1968). In taking his exception to instruction No. 9, appellant did not comply with the requirement of CR 51(f) that the grounds of his objection be stated specifically. *State v. McDonald*, 74 Wn.2d 141, 443 P.2d 651 (1968). We therefore cannot consider these assignments of error. Appellant's proposed instruction on the negligence theory assumed as true certain facts which were in dispute and accordingly were objectionable for the same reason as those he offered on seaworthiness.

The final area to which appellant directs complaint concerns his receipt of medical and time-loss benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901-950 (1927), for the same accident. The trial judge permitted evidence of the successful claim, but refused to let the jury learn the amount of this claim. The court's instruction on the subject is as follows:

> You are instructed that the respective rights of the parties concerning medical expenses of the plaintiff and compensation paid him are being resolved by the court under applicable law.

Accordingly, you are not to take into consideration either the question of medical expenses incurred or compensation paid.

■ Appellant's proposed instructions on the same question described in detail the Longshoremen's and Harbor Workers' Compensation Act and suggested that appellant had an option to either claim under the Longshoremen's and Harbor Workers' Compensation Act or sue under the Jones Act. The remedies in the two statutes are mutually exclusive. One applies to longshoremen and the other to seamen. *Thomas v. Peterson Marine Serv., Inc.*, 411 F.2d 592 (5th Cir. 1969), *cert. denied*, 396 U.S. 1006 (1970).

■ The court's instruction above set forth told the jury in a clear, concise, and direct manner that medical payments and time-loss compensation were not issues for their deliberation. The following observation from *Mathias v. Eichelberger*, 182 Wash. 185, 45 P.2d 619 (1935) is appropriate:

"It is the duty of the court to state the law to the jury as succinctly and directly as possible. This is best done by a few simple, direct, and plain statements which cover the issues rather than by a voluminous and lengthy dissertation upon the law involved, or, where the issues are not numerous or complicated, by numerous instructions." 2 Bancroft's Code Practice and Remedies, § 1474.

The judgment is affirmed.

HOROWITZ, A. C. J., and FARRIS, J., concur.

Petition for rehearing denied February 22, 1971.

Review denied by Supreme Court March 25, 1971.