[No. 691-2.   Division Two.   March 5, 1973.]

LEONARD LOGUE et al., *Respondents*, v. SWANSON'S FOOD, INC., *Appellant*.

*Lester T. Parker,* for appellant.

*J. K. Hallam,* for respondents.

PETRIE, J.—Plaintiffs, Leonard and Velma Logue, husband and wife, brought this action for personal injuries suffered by Mrs. Logue when she slipped and fell in defendant's supermarket while a customer at its store in Aberdeen. The jury returned a verdict for defendant Swanson's Food, Inc., but the trial court granted plaintiff a new trial on the grounds that it had erred in submitting the issue of contributory negligence to the jury.

The sole issue presented on appeal is whether or not there was sufficient evidence to submit the issue of contributory negligence to the jury. We hold the issue should have been submitted to the jury.

Mrs. Logue lost her left leg at the age of 4 as the result of a train accident, and has used either crutches or an artificial leg since that time. She has managed to maintain a normal and active life for over 50 years despite this handicap. On August 1, 1969, she was shopping in the defendant's store with her husband. Because Mrs. Logue was using her crutches, her husband pushed the shopping cart and placed whatever items in it that she selected. As they approached the produce section, Mrs. Logue testified that she noticed the floor in this area was littered with various bits of lettuce, onion skins and other vegetables. Mrs. Logue further testified that she proceeded slowly down the aisle, pushing aside some lettuce leaves with her left crutch. While advancing toward a bin of oranges she slipped and fell on what she claimed was an apricot which came in contact with the bottom tip of her crutch.

In ruling on a motion to withdraw the issue of contributory negligence from the jury, all evidence and reasonable inferences therefrom must be construed in the light most favorable to the nonmoving party. *Stevens v. State,* 4 Wn. App. 814, 484 P.2d 467 (1971). Whether one's

conduct meets the test of a reasonably prudent person is normally a question of fact for determination by the jury. *Wood v. Seattle*, 57 Wn.2d 469, 358 P.2d 140 (1960). Only in rare cases, where reasonable minds cannot differ, is the trial court warranted in deciding the issue as a matter of law. *Raybell v. State*, 6 Wn. App. 795, 496 P.2d 559 (1972).

Considering the evidence in the light most favorable to the defendant, as we must, the essential facts tending to support defendant's claim that Mrs. Logue was contributorially negligent are as follows. The plaintiff and her husband entered the well-lighted produce department. Both testified that the floor was littered with various bits of vegetables. Mrs. Logue described her actions upon observing the debris:

A . . . I walked around and I said, "Boy, look at this." So I took my crutch, I mean, and I just shoved them back to keep from—you know, so I wouldn't fall on them.
Q What happens if your crutches hit something?
A Oh man, I'm gone. I fall.

She further testified that an employee of the defendant store was working in the produce section when she entered it, and was approximately 10 feet from her when she fell. Mr. Logue testified that he was 12 to 14 feet behind his wife when she slipped, but was preoccupied with placing vegetables in the shopping cart and did not see the fall. In fact, no one saw Mrs. Logue fall. Her testimony relative to that incident was as follows:

Q All right. Tell the jury how you happened to fall.
A Well, as I shop I pick the things out and my husband takes and tears these bags off and he puts them in the basket, because sometimes he just goes along and grabs and I don't like the way he picks, but I pick it out and he puts it in there. Well, he was still putting the stuff in there and I seen these oranges, ten cents a pound, was in this big V-shaped bin. They had oranges in it for ten cents a pound. *So I turned around and took one step on my crutches, which was just about like, say, two steps—I mean I take kind of big ones*—between where I was at here and where I'd get to this bin, and I took one step

and went to take the other step and that quick, that was all. Down I went.

(Italics ours.)

Applying the reasonably prudent man test to the facts in the instant case, we are unable to hold, as a matter of law, that Mrs. Logue was free from contributory negligence. The jury could have, but clearly need not have, concluded that a 56-year-old woman, using crutches, did not exercise ordinary care for her own safety in: (1) initially entering the produce section with full knowledge of the dangerous condition (at least as to her); or (2) taking what she described as a large step across the floor with knowledge of its condition.

Each party is entitled, when the evidence warrants it, to have his theory of the case submitted to the jury under appropriate and properly requested instructions. *Elmer v. Vanderford,* 74 Wn.2d 546, 445 P.2d 612 (1968). We hold there was sufficient evidence to support the defendant's theory that Mrs. Logue's conduct fell below the standard of care required of a customer in a grocery store with knowledge of the danger that a littered floor may have upon a person possessing the plaintiff's physical characteristics. The defendant was, therefore, entitled to have the jury advised of the legal principles relating to contributory negligence.

The trial court correctly submitted the issue of contributory negligence to the jury and, accordingly erred in granting a new trial. The trial court is directed to vacate such order and reinstate the jury's verdict.

PEARSON, C.J., and ARMSTRONG, J., concur.