499 P.2d 287

The STATE of Utah, Plaintiff and Respondent,

v.

Douglas F. CLOSE, Defendant and Appellant.

No. 12554.

Supreme Court of Utah.

July 10, 1972.

Henriod, J., filed concurring opinion.

Ellett, J., filed dissenting opinion concurred in by Callister, C. J.

---

1. State v. Plum, 14 Utah 2d 124, 378 P.2d 671.

Phil L. Hansen & Associates, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young and David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff-respondent.

CROCKETT, Justice:

Defendant appeals from a conviction by jury of the crime of indecent assault upon a child under 14 in violation of Section 76-7-9, U.C.A.1953. The error complained

of which we have found to be of controlling importance is the failure to instruct the jury on the lesser offense of simple assault.

On the afternoon of August 16, 1970, the defendant was in swimming at Rainbow Gardens public swimming pool in Ogden, Utah. He was playing with a number of children in the pool and performing various "gymnastics" by tossing them about or flipping them over in the water. He did this with a number of (up to as many as 15) children. Among them was Catherine H...., a girl nine years of age, the alleged victim of the offense charged. She had come to the pool with her sisters M—— age 11, and E—— age seven. After engaging in these playful antics for some time Catherine told the defendant she had a stomach ache and left the pool. She and her sisters were picked up by her father and taken home. She told her mother that in the process of the play the defendant had "rubbed the front of her legs" and touched the private area (genitalia). There followed notification of the police, arrest, charge and conviction.

In submitting the case the court instructed the jury in Instruction No. 18:

Your verdict in this case must be: Guilty of Indecent Assault upon a Child Under Fourteen as charged in the information or not guilty.

In making his objection to this instruction submitting the case in that manner the defendant's counsel stated:

> . . . and respectfully excepts to instruction No. 18 in that *said instruction amounts to a failure to instruct as to the included offense of simple assault* and fails to instruct as to the definition, statutory definition of the crime of assault. [Emphasis added.]

■ The well established general rule, that the jury should be instructed on lesser included offenses when such a conviction would be warranted by any reasonable view of the evidence, is in accord with and supported by our statutory law. Section 77-33-6, U.C.A.1953, provides that:

> The jury may find the defendant guilty of any offense the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense.[1]

We have heretofore held that the offense of simple assault is included in the offense of indecent assault. In State v. Waid this court said:

> Indecent assault is an aggravated assault, and simple assault is necessarily included therein.[2]

■ This court in a number of decisions has affirmed the rule above stated requiring the submission of lesser included offenses when the evidence and circumstances so justify,[3] and has gone further in indicating that even in the absence of an appropriate objection, if it is clear that the interests of justice so require, the court should instruct on included offenses.[4]

■ Though it is not our prerogative to pass upon the weight or credibility of the evidence, we are concerned with whether there is a basis therein which would justify a verdict of guilty of the lesser offense. The alleged victim Catherine testified that she was alone with the defendant at the time of the occurrence. On that point her testimony is not corroborated. Her sister just older, M—— age 11, said that she was responsible for watching over her

---

1. Referring to this statute this court stated in State v. Woolman, 84 Utah 23, 33 P. 2d 640, "The statute allows conviction for any lesser offense necessarily included in the offense charged . . ." See also State v. Brennan, 13 Utah 2d 195, 371 P. 2d 27 (1962); State v. Rohletter, 108 Utah 452, 160 P.2d 963 (1945); State v. Solomon, 93 Utah 70, 71 P.2d 104 (1937).

2. 92 Utah 297, 67 P.2d 647 (1937); see also State v. Smith, 90 Utah 482, 62 P.2d 1110 (1936); and State v. Smith, 16 Utah 2d 374, 401 P.2d 445.

3. See State v. Johnson, 112 Utah 130, 185 P.2d 738; State v. Castillo, 23 Utah 2d 70, 457 P.2d 618; State v. Gillian, 23 Utah 2d 372, 463 P.2d 811.

4. State v. Cobo, 90 Utah 89, 60 P.2d 952; State v. Poe, 21 Utah 2d 113, 411 P.2d 512 (1968); see also Rule 51, U.R.C.P.

younger sisters, but that she did not at any time see the defendant and Catherine by themselves. This is in harmony with the testimony given by the defendant. There are other circumstances to be taken into account, including the fact that the incident occurred in the middle of the afternoon and that there were other people in the pool.

As should be apparent from what has been said above, particularly by the defendant's exception to instruction No. 18, this is not a case where it should be deemed that the defendant made a deliberate choice of risking all or nothing by electing to go to the jury only on the major offense.[5] Under the circumstances shown we believe that the interests of justice require that the jury should be informed of the lesser and included offense and be given the opportunity to consider it as one of the possible verdicts.[6]

The conviction is reversed and the cause remanded for a new trial, or other appropriate proceedings not inconsistent with this opinion.[7] No costs awarded.

TUCKETT, J., concurs.

5. See State v. Mitchell, 3 Utah 2d 70, 278 P.2d 618.

6. See cases footnotes 2 and 3 above.

7. That upon determination of prejudicial error defendant is not entitled to go free,

HENRIOD, Justice (concurring):

I concur because I think it was error for the court to have failed to give a perfectly legitimate instruction as to an included offense,—simple assault. The dissent emphasizes the fact that no exception was taken to such failure until after the jury had been instructed and locked up by the bailiff. This circumstance is no fault of defense counsel, who has no opportunity timely to object because trial courts, sometimes, we understand, suggest or require a stipulation from counsel that exceptions be taken *after* the jury has retired, and not *before*—in violation of Rule 51, U.R.C.P., which requires such exceptions to be taken before such retirement in civil, and I take it, also in criminal cases. Hence, an objection or exception taken *after* the jury's retirement, for my money is just as valid an exception,—and more so,—than one taken before—and has as much stature on appeal in spite of the dissent's implication that it hasn't. The fact that the exception was made after the jury verdict seems inconsequential. This author discovered early that on occasion the jury returned before counsel could dictate an exception to a court reporter.

but to a new trial see State v. Lawrence, 120 Utah 323, 234 P.2d 600, and authorities therein cited; also see State v. Hyams, 64 Utah 285, 230 P. 249.

ELLETT, Justice (dissenting):

I dissent.

The prevailing opinion reverses the conviction of the defendant because the trial court instructed the jury that their verdict should either be guilty of indecent assault or not guilty. The defendant made no request for an instruction that the jury be told they could find him guilty of a simple assault. He merely excepted to the instruction as given by the court, and *that only after the verdict of guilty had been found by the jury.*

The identical matter was before this court in the case of State v. McCarthy.[1] This court in that case, speaking through Mr. Justice Crockett, said:

Defendant's sole contention on appeal is that the trial court improperly refused to submit to the jury the lesser and included offense of attempted petty larceny. There is a procedural difficulty with the defendant's position. The record does not show that any request was made for such an instruction. The only reference to the matter is that after the instructions had been given, an exception was stated to the failure to so instruct. The defendant having failed to request such instruction, is in no position

to complain of the court's failure to give it.

Where the evidence would warrant a finding by the jury of an included offense, an appellate court, in order to prevent a miscarriage of justice, might notice an error in the failure of the trial court to give an instruction thereon, even though defense counsel overlooked the matter and failed to except thereto. However, the present case is not one which requires an instruction on any included offense.

The law seems to be that the failure to instruct on a lesser and included offense would be error only if the defendant can show that the jury upon the evidence before it might rationally acquit him of the greater charge and convict him of the lesser.[2]

The defendant in this case was either guilty of the offense with which he was charged or he was not guilty of anything. If he did not put his hand on the private parts of the girl, then he committed no battery, for what he did was with her consent and was entirely proper. He was merely tossing a group of children into the pool in play.

I do not see how there could be error in failing to instruct on an included offense

---

1.  25 Utah2d 425, 426, 483 P.2d 890 (1971).

2.  United States v. Lumpkins, 141 U.S.App. D.C. 387, 439 F.2d 494 (1970); People v. Lovely, 16 Cal.App.3d 196, 93 Cal. Rptr. 805 (1971).

which under the evidence given could not exist.

The cases cited in footnote 2 of the prevailing opinion do not impress me as holding that an instruction on simple assault should have been given in this case.

In State v. Smith,[3] the trial court did give an instruction on simple assault but defined it as an unlawful attempt coupled with a present ability to commit a violent injury upon the person of another. The jury requested clarification of the term "violent injury." The explanation given by the court was excepted to by the defendant, and that was what this court had before it. The question of whether it was or was not proper to instruct on the included offense was not before the court.

The case of State v. Waid[4] was one where there was an actual assault made upon the victim. The testimony showed that she tried to get away from the defendant but he held her and pulled her around the building. If the jury did not believe he took indecent liberties with the girl, it could properly find that he did assault her.

In State v. Smith[5] the defendant was charged with rape, and the court there properly held that in a rape charge an instruction that assault was an included offense would not be error because the evidence there would support a finding of unlawful attempt coupled with present ability to commit violent injury on the person of another. In that case there was carnal knowledge of a girl under the age of 13 years. Since by statute she was incapable of consenting to the act, there must of necessity be a battery, and therefore an attempt to have the relation would be an assault, since an assault is included in every battery.

Counsel for the defendant was wise enough not to request an instruction on an included offense, hoping to have a verdict of not guilty, and crafty enough to except to the instruction given by the court after the verdict was received, in the further hope that this court might seize upon the point and grant his client a new trial.

It is the exclusive province of the jury to find the facts of this case. It has found that the defendant did take indecent liberties with the victim. The trial court permitted the verdict to stand, and I think this court should affirm the conviction.

CALLISTER, C. J., concurs in the dissenting opinion of ELLETT, J.

3. 16 Utah 2d 374, 401 P.2d 445 (1965).

4. 92 Utah 297, 67 P.2d 647 (1937).

5. State v. Smith, 90 Utah 482, 62 P.2d 1110 (1936).