501 P.2d 107

The STATE of Utah, Plaintiff and Respondent,

v.

Tommy Otis FAIR, Defendant and Appellant.

No. 12551.

Supreme Court of Utah.

Sept. 19, 1972.

---

Myrna Mae Nebcker, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., David S. Young, David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a conviction for sale of a narcotic. Affirmed.

Defendant says it was error: 1) For the trial court to receive testimony in the absence of the jury; 2) to permit him to appear at court in prison attire; and that 3) his sentence was unconstitutional.

As to 1): The testimony taken in absence of the jury, was that of an under-

cover agent to determine if there may have been an entrapment as a matter of law sufficient to take the case from the jury. The trial court held there was not, but informed defendant's counsel that he could examine the witness in the presence of the jury if he desired. Counsel chose not to do so, whether as a matter of strategy or otherwise,—and it does not lie in the mouth of defendant now to claim error having either wittingly or unwittingly invited it.

■ As to 2): No one objected to defendant's appearance in prison garb. On the contrary, his counsel explained such circumstance, pointing out and stipulating that the accused was detained on an alleged parole violation. We see no error here.

■ As to 3): This point appears to be moot and we need not canvass it here. It is bottomed on Title 58–13a–44(8), Utah Code Annotated 1953, as amended (Replacement Vol. 6, 1971 Pocket Supplement, p. 169), which provides for an indeterminate sentence of five years to life without eligibility for release until three years are served. The record reveals that the Board of Pardons, whose prerogative is to set dates for parole, pardon, commutation or termination of sentence under Title 77–62–3, U.C.A.1953, exercised such prerogative in this case by setting,—not a parole date, but a date for hearing the question of parole or some other disposition of this case, on a date beyond the three-year period,—

hence any question of constitutionality of the section of the act questioned is a matter for determination in some other proper proceeding at some other and appropriate time.

CALLISTER, C. J., and TUCKETT, ELLETT and CROCKETT, JJ.