**Delmont GENTRY, Plaintiff and Appellant,**

v.

**Samuel SMITH, Warden, Utah State Prison, Defendant and Respondent.**

No. 16090.

Supreme Court of Utah.

Sept. 24, 1979.

. Randall T. Gaither, Salt Lake City, for plaintiff and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

STEWART, Justice:

This is an appeal by the plaintiff from an order of the district court dismissing plaintiff's petition for a writ of habeas corpus.

The appellant, on November 22, 1975, was found guilty of having committed aggravated sexual assault and aggravated kidnap-

ping. Subsequently, appellant filed a petition for a writ of habeas corpus in the Third Judicial District. As grounds therefor he alleges three errors in the conduct of his trial: (1) the trial court erred in overruling the appellant's motion to bar the testimony of prosecution witnesses which rebutted appellant's alibi and of whom appellant had no prior notice; (2) the trial court erred in permitting appellant to appear in prison garb during the course of his trial; and (3) the State did not provide effective assistance of counsel to appellant in his trial.

■ The proper standard to be applied by the trial court in ruling on appellant's contentions was stated in *Bryant v. Turner*, 19 Utah 2d 284, 286, 287, 431 P.2d 121, 122, 123 (1967):

> The writ is, as our rules describe it, an extraordinary writ, to be used to protect one who is restrained of his liberty where there exists no jurisdiction or authority, or where the requirements of the law have been so ignored or distorted that the party is substantially and effectively denied what is included in the term due process of law, or where some other such circumstance exists that it would be wholly unconscionable not to re-examine the conviction.

■ It is clear that none of appellant's contentions rise to the standard above stated and are consequently without merit. The writ of habeas corpus is not to be used, as appellant here seeks to do, simply as a substitute for an appeal.

■ As to the claim that the prosecution should have provided appellant with notice of witnesses called to rebut alibi testimony, the appellant states a generally accurate statement of the law. *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), held that the Fourteenth Amendment forbids enforcement of "alibi rules unless reciprocal discovery rights are given to criminal defendants" (412 U.S. at 472, 93 S.Ct. at 2211). The court in *Wardius* emphasized that in a criminal case "discovery must be a two-way street. The State may not insist that trials be run as a 'search for truth' so far as defense witnesses are con-

cerned, while maintaining 'poker game' secrecy for its own witnesses" (*id.*, at 475, 93 S.Ct. at 2212). Section 77–22–17 U.C.A. (1953), as amended, provides that the testimony of the prosecution witnesses not disclosed to a defendant in rebuttal to the defendant's alibi evidence may be excluded; but for good cause shown, the court may waive the requirements of notice. The findings of fact and conclusions of law of the trial court dismissing the petition for a writ of habeas corpus expressly state that "the trial court applied the good cause standard and waived the notice requirement as provided by said statute." There is nothing in the record on this appeal, which we have canvassed, and nothing in the briefs which in any way challenges the trial court's finding in this regard.

■ With respect to the contention that appellant Gentry was illegally compelled to appear in prison clothes at his trial, we note that it has been held by the United States Supreme Court that a state cannot compel an accused to stand trial before a jury dressed in prison clothes, *Estelle v. Williams*, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976). However in *Estelle* the United States Supreme Court expressly stated that:

> . . . the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. (425 U.S. at 512, 513, 96 S.Ct. at 1697.)

See also *State v. Fair*, 28 Utah 2d 242, 501 P.2d 107 (1972).

■ Finally, there is nothing whatsoever in this record to support the assertion that trial counsel represented appellant in any fashion other than a completely competent manner.

The judgment of the lower court is affirmed. No costs awarded.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.