STATE of Utah, Plaintiff and Respondent,

v.

Robert Alex VALDEZ, Defendant and Appellant.

No. 15920.

Supreme Court of Utah.

Nov. 26, 1979.

---

7. *Overson v. United States Fidelity and Guaranty,* Utah, 587 P.2d 149 (1978).

8. *Hartman v. Potter,* Utah, 596 P.2d 653 (1979).

Dean R. Mitchell, Stanley S. Adams, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Salt Lake City, for plaintiff and respondent.

WILKINS, Justice:

Defendant appeals from his conviction of negligent homicide under Section 76–5–206 [1] in the District Court for Salt Lake County. Affirmed.

Defendant was arrested and charged with the second degree murder of Melvin Miller. Defendant does not dispute that he shot and killed Miller, but contends here, as he did in the District Court, that the shooting was accidental.

Early in the morning of December 11, 1977, defendant's minor daughter, Debbie, who was not living at home, entered defendant's house and, without his permission, took his automobile. When defendant discovered his car was missing, he loaded a gun he had purchased while he was working as a security guard and left with his brother-in-law to find Debbie and his automobile.

When he located it, it was occupied by Miller and Debbie. Defendant told Miller to get out of the vehicle, and while Miller was leaning on it, defendant shot him.

Defendant contends that he did not intend to shoot Miller, that he was not looking at Miller when the shot was fired and that his gun discharged accidentally. On appeal, he challenges, as error, the District Court's failure to instruct the jury on his right to use force to defend his property and the District Court's inconsistent instructions to the jury.

Concerning the first point, defendant proposed the following instruction, and the Court refused to give it:

The law provides to persons charged with criminal homicide absolute defenses to the charge of criminal homicide and by law, justifies the death of the person involved. If after you have reviewed the evidence in this matter and feel that the criteria for these defenses exist, the law mandates that you must find the defendant not guilty.

A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such force is necessary to defend himself or third person against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or serious bodily injury only if he reasonably believes that the force is necessary to prevent death or serious bodily injury to himself or a third person.

A person is justified in using force, other than deadly force, against another when and to the extent that he reasonably believes that force is necessary to prevent or terminate criminal interference with his personal property.

▮ It is defendant's right to have the jury instructed on his theory of the case so long as the requested instruction is warranted by the evidence presented at trial.[2] Here, the District Court properly refused the instruction because the evidence presented by defendant did not support it. No evidence was introduced showing that the decedent threatened anyone with "imminent use of unlawful force," or threatened "death or serious bodily injury to [defendant] or [a] third person." The second paragraph of the requested instruction is therefore inapplicable to the facts of this case.

▮ The third paragraph of the instruction is likewise inconsistent with the evidence presented because by his use of a loaded gun, defendant threatened and used deadly force in defending his personal property. Section 76–1–601(10) defines a deadly weapon as "anything that in the manner of its use or intended use is likely to cause death or serious bodily injury." Defendant's loaded gun falls within this definition. By threatening Miller, and then shooting him, with his deadly weapon, defendant

---

1. All statutory references are to Utah Code Annotated, 1953, as amended.

2. *State v. Close*, 28 Utah 2d 144, 499 P.2d 287 (1972).

could not factually fall within the perimeters of the instruction which justifies non-deadly force to defend personal property.

■ On the second point, defendant also contends that the District Court committed plain error by giving inconsistent instructions to the jury. The instructions complained of were not objected to at trial by defendant, and cannot be raised for the first time on appeal[3] and we perceive no reasons in this case to apply an exception.[4]

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

3. *State v. Kazda*, Utah, 545 P.2d 190 (1976).   4. *State v. Pierren*, Utah, 583 P.2d 69 (1978).