**The STATE of Utah, Plaintiff and Respondent,**

v.

**John David KING, Defendant and Appellant.**

No. 15876.

Supreme Court of Utah.

Dec. 17, 1979.

F. John Hill of Salt Lake Legal Defenders Ass'n, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., William W. Barrett, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Defendant appeals from his conviction of attempted criminal homicide and aggravated sexual assault in violation of §§ 76–5–202(1)(b) and 76–5–405 U.C.A. (1953), as amended. He bases his appeal on insufficiency of the evidence, failure to prove serious bodily injury, and error regarding expert opinion testimony and jury instructions. We affirm defendant's convictions on both counts.

On July 7, 1977, R. Cowan accepted a ride home with defendant from a Salt Lake City lounge after its 2:00 a. m. closing time. The defendant accompanied Ms. Cowan to the front door of the duplex apartment she shared with her brother, and the two had a conversation about a record album belonging to her brother. The next thing Ms. Cowan recalled was that defendant put his hands around her throat and started choking her until she lost consciousness. Ms. Cowan's dress was ripped open and her underwear was cut away. She received a ¾-inch deep stab wound in the chest, inflicted with a pair of scissors that were taken from inside the apartment.

David Harrison, the tenant of the upstairs apartment, heard a car drive up and then, several minutes later, gagging and thumping noises from the porch below. He partially descended the stairway leading to the porch and saw a woman lying on the porch with a man kneeling over her. Mr. Harrison returned to his apartment and called the paramedics.

When the paramedics arrived just minutes later, Mr. Harrison heard someone run up the stairs and through his apartment. The person got away by breaking out a window screen and climbing down some vines covering the side of the building. The defendant was arrested a short distance away; he was bleeding from a head wound and covered with twigs and leaves.

In the meantime, the paramedics were tending to Ms. Cowan's wounds. She had been found nude except for the dress that was bunched up around her waist. After the administration of first aid, the victim regained consciousness and was taken to the University of Utah Medical Center. Dr. John Holman, Jr., the doctor on duty, treated Ms. Cowan. He found superficial abrasions on her throat and left shoulder and a laceration in her upper left chest. He testified that the stab wound had punctured her lung but was not severe enough to be life-threatening unless it was left untreated and other medical problems developed. Dr. Holman also testified that the choking of Ms. Cowan could have resulted in her death if it had been of longer duration.

The State Medical Examiner, Dr. Serge Moore, also testified. He stated that, based on hypothetical questions posed to him, the scissor wound and the choking created a substantial risk of causing death.

■ Defendant's first contention on appeal is that the evidence was insufficient to support the verdict of the jury that he was guilty of both attempted criminal homicide and aggravated sexual assault. The standard of review for a challenge to the sufficiency of the evidence was stated in *State v. Mills*, Utah, 530 P.2d 1272 (1975):

> For a defendant to prevail upon a challenge to the sufficiency of the evidence to sustain his conviction, it must appear that viewing the evidence and all inferences that may reasonably be drawn therefrom, in the light most favorable to the verdict of the jury, reasonable minds could not believe him guilty beyond a reasonable doubt.

See also *State v. Wilson*, Utah, 565 P.2d 66 (1977); *State v. Schad*, 24 Utah 2d 255, 470 P.2d 246 (1970). A review of the evidence in this case does not provide a basis for concluding that reasonable minds must necessarily have had a reasonable doubt of defendant's guilt.

■ The second issue is defendant's contention that the State failed to prove that the defendant inflicted serious bodily injury upon Ms. Cowan. Count II of the Information charged defendant with aggravated sexual assault in violation of § 76–5–405(1)(a)(i) U.C.A. (1953), as amended, which states:

> Aggravated sexual assault.—(1) A person commits aggravated sexual assault if:

(a) In the course of rape or attempted rape or forcible sodomy or attempted forcible sodomy:

(i) The actor causes serious bodily injury to the victim . . . .

Section 76–1–601(9) U.C.A. (1953), as amended, defines "serious bodily injury" as "bodily injury that creates or causes serious permanent disfigurement, protracted loss or impairment of the function of any bodily member or organ or creates a substantial risk of death."

The evidence indicates that Ms. Cowan was choked into unconsciousness and stabbed with a pair of scissors. Fortunately, medical care was prompt, and she recovered from her injuries. It was within the province of the jury to consider the means and manner by which the victim's injuries were inflicted along with the attendant circumstances. From the facts of this case, the jury was justified in finding that the defendant did cause serious bodily injury such as would create a "substantial risk of death" while attempting to rape his victim.

■ Defendant also contends that the trial court abused its discretion in allowing the testimony of expert witness Dr. Serge Moore based on hypothetical questions posed by the prosecutor. Defendant claims that admission of Dr. Moore's testimony as to the risk of death created a substantial danger of confusing the issues and misleading the jury, and that in accordance with Rule 45, Utah Rules of Evidence, it should have been excluded. We find this contention to be without merit.

Dr. Moore is a qualified expert witness in the area of forensic pathology. He was asked for his medical opinion as to whether a person in the victim's condition who sustained a stab wound under the circumstances occurring in this case and who was choked for a length of time so as to cause unconsciousness sustained such bodily injury as would create a substantial risk of death. We hold that the trial court properly allowed questions relevant to the risk created by the defendant at the time of the attack, rather than at a subsequent time following timely intervention by paramed-

ics and virtually immediate medical treatment. The jury was entitled to consider Dr. Moore's expert medical opinion along with the testimony of the attending physician.

■ Defendant's final point on appeal is that the court erred in failing to give the following instruction to the jury in explaining the effect of reasonable alternatives or, hypotheses upon the burden of proof in a criminal case.

To warrant you in convicting the defendant, the evidence must to your minds exclude every reasonable hypothesis other than that of the guilt of the defendant. That is to say, if after an entire consideration and comparison of all the testimony in the case you can reasonably explain the facts given in evidence on any reasonable ground other than the guilt of the defendant, you should acquit him.

This Court, in *State v. Schad*, 24 Utah 2d at 257, 470 P.2d at 247, stated:

It is true, as the defendant contends, that where a conviction is based on circumstantial evidence, the evidence should be looked upon with caution, and that it must exclude every reasonable hypothesis except the guilt of defendant. This is entirely logical, because if the jury believes that there is a reasonable hypothesis in the evidence consistent with the defendant's innocence, there would naturally be a reasonable doubt as to his guilt. Nevertheless . . . [it] is a matter within the prerogative of the jury to determine from all the facts and circumstances shown; and if therefrom they are convinced beyond a reasonable doubt of the defendant's guilt, it necessarily follows that they regarded the evidence as excluding every other reasonable hypothesis.

Of course, the requested instructions may make more understandable and explicit the usual instruction on burden of proof. We cannot say, however, that the instructions given in this case inadequately informed the jury as to how convincing the proof had to be to convict.

Having surveyed the evidence in the present case and the reasonable inferences that may fairly be drawn therefrom in the light favorable to the jury's verdict, we reject this claim as well as defendant's other claims of error.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.