STATE of Utah, Plaintiff and Respondent,

v.

Robert Dennis EAGLE, Defendant and Appellant.

No. 16189.

Supreme Court of Utah.

May 6, 1980.

---

Ronald j. Yengich of O'Connell & Yengich, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Justice:

Defendant appeals from a jury trial conviction of theft[1] of two suits of clothing from a downtown Salt Lake City department store. The record discloses no reversible error and we therefore affirm the conviction and judgment of the court below.

The believable evidence adduced at trial was that the defendant and one Myles were observed in the men's suit department of the store by a security guard. Myles was carrying a raincoat which he subsequently handed to defendant. While Myles positioned himself at the end of two suit racks which stood side by side, defendant went between the said racks on his knees, removed two suits from the racks and stuffed them inside the raincoat. He then handed the raincoat to Myles, and together they moved past the cash register in that area, on toward the sporting goods department and in so doing passed additional cash registers. In apparent realization that their conduct was under observation and that a confrontation was imminent, Myles dropped the suits. Thereafter, the security guard grabbed defendant to restrain him and defendant yelled for Myles to run. He did so

---

1. A Class A misdemeanor, in violation of U.C.A., 1953, 76–6–404.

but was apprehended outside by other store personnel. Defendant was arrested and subsequently convicted of the crime of theft.

On appeal, defendant asserts six points of error on the part of the trial court: (1) refusal to instruct the jury on his theory of termination of criminal conduct; (2) refusal to instruct the jury on reasonable alternative hypothesis; (3) inclusion of a jury instruction that intent may be inferred from acts, conduct, statements, or other circumstances; (4) refusal to grant a mistrial for improper prosecutorial comment; (5) insufficiency of the evidence; and (6) deprivation of fair trial by reason of cumulative error.

■ A defendant's entitlement to a jury instruction on his theory of the case is not absolute. It is necessarily conditioned upon the existence of a reasonable basis in the evidence to justify the giving of the proposed instruction.[2]

■ In the instant case, defendant's request for an instruction on the affirmative defense of voluntary termination was not supported by any reasonable view of the evidence and the trial court so found. In fact, the substantial evidence was just to the contrary. Obviously, defendant's act of dropping the suits was not a "voluntary" act within the meaning of the statute,[3] coming as it did in an effort to avoid arrest after having been caught red-handed with the two suits secreted in his raincoat. Also the substantial evidence was that the crime of theft had already been completed, hence there could be no effective withdrawal or termination. Theft occurs when one obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.[4] The fact that defendant was unable to escape undetected is of no consequence, for escape is not a necessary element of the crime of theft. Nor is he to be absolved of guilt by his abandonment of the loot any more than would a bank robber, burglar, or other law-breaker who throws away, or otherwise abandons, the fruits of his crime.

■ In regard to the propriety of the so-called "reasonable alternative hypothesis" jury instruction, any controversy over its use constitutes nothing more than a tempest in a teapot. The prosecution's burden of proof in *any* criminal case, whether the evidence be direct or circumstantial, or a combination of both, is that of beyond a reasonable doubt.[5] The use of the reasonable alternative hypothesis instruction is merely one way of expressing that necessary burden of proof and there is no apparent reason to mandate that one, and only one, particular instruction be used by trial judges in conveying to the jury the meaning of that elusive phrase, "proof beyond a reasonable doubt." It may well be that one of our astute jurists may make even a substantial improvement of the reasonable alternative hypothesis instruction, if in fact one has not already done so. In any event, the "reasonable doubt" instruction given in the instant case clearly and appropriately informed the jury of the legal standard to be applied.

■ The court's instruction on the element of criminal intent reads in pertinent part as follows:

A person's state of mind is not always susceptible of proof by direct and positive evidence, and, if not, may ordinarily be inferred from acts, conduct, statements or circumstances.

Defendant argues that this part of the instruction unconstitutionally allowed the jury to infer criminal intent on the part of

---

2. *State v. Close*, 28 Utah 2d 144, 499 P.2d 287 (1972), and the cases cited therein.

3. U.C.A., 1953, 76–2–307 provides that such is an affirmative defense if the termination is voluntary and occurs prior to the commission of the offense.

4. U.C.A., 1953, 76–6–404.

5. *State v. Lamb*, Utah, 606 P.2d 229 (1980), and cases cited therein together with *State v. King*, Utah, 604 P.2d 923 (1979); also, that an instruction on reasonable alternative hypothesis need not be given even in a circumstantial case, see *Holland v. U. S.*, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954).

defendant, eliminating the prosecution's burden to prove this essential element of the offense beyond a reasonable doubt. Defendant relies on *Sandstrom v. Montana.*[6] In that case the instruction given the jury was that the law presumes that a person intends the necessary and natural consequences of his acts. The Supreme Court held that a reasonable jury might interpret such a presumption to be either unrebuttable, that is, as a direction by the Court to find criminal intent, or, as requiring defendant to prove his state of mind to the contrary of the presumption, thus unconstitutionally shifting or eliminating the prosecution's burden of proof. *Sandstrom* does not apply in this case where the jury was instructed that it could *infer* intent from defendant's actions. A distinction is made in *Sandstrom* between inferences and presumptions of intent.

We are unable to see how a reasonable jury could interpret the instruction, here, as a direction by the Court to find criminal intent or as a presumption, requiring rebuttal on the part of the defendant, and we find no error. The instruction as given is an accurate statement of law in this state.[7]

We now turn to defendant's contention that prejudicial error occurred in closing argument when the prosecutor attempted to rebut defendant's argument as to why he did not testify.

■ At trial, defendant exercised his prerogative not to testify as a witness. During closing argument, counsel for defendant saw fit to draw attention to the fact that defendant had not testified, explaining to the jury that it had been his (counsel's) decision that, since defendant could add nothing by way of evidence, there was no need for him to testify. This prompted the prosecution to respond by arguing to the jury that defendant may well have added to the evidence by revealing why he had passed by the various cash registers with his "purchase." Thereupon, the court pro-

hibited the further pursuit of the matter. Defendant's subsequent motion for a mistrial based on improper prosecutorial comment was denied.

It is of note that the trial court viewed the prosecution's remarks to be harmless error, if error at all, as defense counsel had opened the subject, and the prosecution was clearly entitled to some rebuttal.

The trial court properly instructed the jury as follows:

> The law expressly gives the defendant the privilege of remaining silent at all stages of any proceedings against him. The fact that he has not taken the witness stand must not be considered as any indication of defendant's guilt, nor should you indulge in any presumption or inference adverse to defendant by reason thereof. The burden remains with the State to prove, by evidence, guilt beyond a reasonable doubt.

The foregoing instruction was proper and adequate to advise the jury of defendant's right to remain silent and should not have been expanded upon with additional language. It was unwise and hazardous for defense counsel to make comments as he did on defendant's failure to testify, as it triggered the mechanism of rebuttal by the prosecution, and hence, may have invited error.[8] Further, it bears emphasis that comments on this sensitive instruction by either the defense or the prosecution which transcends the language thereof are to be avoided. Nevertheless, in this case, the court was wholly within its discretion in ruling as it did.

Defendant's remaining points on appeal, those of insufficiency of the evidence and cumulative error, are clearly without merit in light of the foregoing analysis of the case.

Affirmed.

CROCKETT, C. J., and STEWART, J., concur.

---

**6.** 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979).

**7.** *State v. Cooley,* Utah, 603 P.2d 800 (1979); *State v. Peterson,* 22 Utah 2d 377, 453 P.2d 696

(1969); *State v. Whittinghill,* 109 Utah 48, 163 P.2d 342 (1945).

**8.** *State v. Fair,* 28 Utah 2d 242, 501 P.2d 107 (1972).

WILKINS, Justice (concurring and dissenting):

I concur with the majority opinion that the District Court did not err in giving its instruction on the element of criminal intent, as well as statements in that opinion concerning the prosecutor's comment on defendant's failure to take the stand as a witness. But I believe the District Court erred prejudicially (1) in failing to instruct the jury on defendant's theory of voluntary termination of criminal conduct, and (2) in failing to instruct on the reasonable alternative hypothesis.

Defendant contends that his proposed instruction of the affirmative defense of voluntary termination was in accordance with Section 76–2–307,[1] which provides:

It is an affirmative defense to a prosecution in which an actor's criminal responsibility arises from his own conduct or from being a party to an offense under § 76–2–201 [76–2–202] that prior to the commission of the offense, the actor voluntarily terminated his effort to promote or facilitate its commission and either:

(1) Gave timely warning to the proper law enforcement authorities or the intended victim; or

(2) Wholly deprives his prior efforts of effectiveness in the commission.

After reciting the language of the statute, defendant's proposed instruction continued:

If you find from the evidence that the defendant, ROBERT D. EAGLE, wholly deprived his prior efforts in the commission of the offense of theft of any effectiveness, then you must find him not guilty of that charge.

The State argues, first, that this instruction was properly refused because it is an inaccurate statement of the law, and properly should have included as a necessary element a finding of voluntary termination on the part of the defendant prior to the commission of the offense, as well as the

finding that defendant wholly deprived his prior efforts of effectiveness. While it is true that the proposed instruction is defective in the manner suggested by the State, nevertheless, it is the duty of the Court to instruct the jury on each party's theories which have support in the evidence. And this defect in the proposed instruction does not relieve the Court from its duty of giving a proper instruction on defendant's theory when the issue has been brought to the attention of the Court by a specific request therefor,[2] though faulty in some respects.

The State further argues, however, that the instruction was properly refused because the evidence showed (1) defendant did not voluntarily terminate his criminal efforts, but rather involuntarily terminated those efforts due to the proximity of the security guard, and (2) that the crime was already complete prior to the time defendant and Myles dropped the suits.

Section 76–2–307 is new in our law and has been reviewed only once by this Court since its enactment in 1973. In the case of *State v. Smith*, Utah, 571 P.2d 578 (1979), we held that it was not error for the Court to refuse to give an instruction on voluntary termination when the evidence showed that defendant had not taken any action to terminate his efforts prior to the commission of the crime and had not wholly deprived his efforts of effectiveness. There was no evidence which would have justified an instruction on this affirmative defense in the *Smith* case.

Here, I believe that reasonable minds could differ with respect to whether defendant's actions in dropping the suits were voluntary or a result of his fear of apprehension, and that it was a matter for the jury to decide. The security guard did not see defendant and Myles drop the suits. He found the suits in an aisle of the store. The majority opinion states that the two dropped the suits in "apparent realization that their conduct was under observation."

1. All statutory references are to Utah Code Ann., 1953, as amended.

2. *Justice v. Harrison*, Okl., 569 P.2d 439 (1977); *Billings Leasing Co. v. Payne*, Mont., 577 P.2d 386 (1978); *Miesen v. Ins. Co. of North America*, 1 Wash.App. 185, 460 P.2d 292 (1970).

This is a fact which the jury should decide; but as the jury was not instructed thereon we can only speculate on what the jury would have determined under a proper instruction. likewise, the determination of when this crime was complete is a matter for the jury to determine.

Defendant is entitled to have his theory of the case presented to the jury by proper instruction, where there is, as here, sufficient evidence, when reasonably viewed (i. e., some credible, substantial evidence) to present the issue to the jury.[3] Inasmuch as the instruction was not given, defendant is entitled to a new trial.

Defendant further argues that the Court erred in refusing his proposed instruction on the reasonable alternative hypothesis which said instruction was:

> To warrant you in convicting the defendant of the crime charged in the Information, or of any crime included therein, the evidence must, to your minds, exclude every reasonable hypothesis other than that of guilt of the defendant; that is to say, if after a full and fair consideration and comparison of all the testimony in the case you can reasonably explain the facts in the evidence on any reasonable ground other than the guilt of the defendant, then you must find him not guilty.

Defendant objected to the Court's refusal of this instruction. The prosecutor joined the defense, and advised the Court that as the State had to rely wholly on circumstantial evidence in this case he felt the instruction should be given. But the Court determined that the eye-witness testimony was direct evidence, and as the evidence was not wholly circumstantial, the instruction should not be given.

The Court's ruling was in accordance with *State v. Romero*, Utah, 554 P.2d 216 (1976). Notwithstanding what was said in that case, and in other similar rulings of this Court, I believe a better rule,—a more realistic one—is that this instruction should be given if there is some credible evidence in the record, whether circumstantial, direct, or an admixture of both (as is usually the case), from which the jury may reasonably conclude that defendant's conduct can be explained on a ground other than guilt.

I believe this case should be reversed and remanded for a new trial.

MAUGHAN, J., concurs in the concurring and dissenting opinion of WILKINS, J.

---

**3.** *Ferguson v. Jongsma*, 10 Utah 2d 179, 350 P.2d 404 (1960); *Beckstrom v. Williams*, 3 Utah 2d 210, 282 P.2d 309 (1955); *State v. Valdez*, Utah, 604 P.2d 472, 473 (1979).