STATE of Utah, Plaintiff and Respondent,

v.

Terry B. CARLSEN, Defendant and Appellant.

No. 17208.

Supreme Court of Utah.

Oct. 28, 1981.

---

Robert Van Sciver, Edward K. Brass, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Robert N. Parrish, Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant Terry Carlsen appeals from his conviction of tampering with a witness, a third degree felony.[1] Defendant raises the following three issues on appeal: (1) that the trial court committed prejudicial error by admitting hearsay evidence; (2) that the evidence presented was factually and legally insufficient to sustain defendant's conviction; and (3) that the statutorily defined offense of tampering with a witness is unconstitutionally vague.

Paul Hardy was the principal witness against defendant in a previous trial in which defendant was accused of disturbing the peace. On the day before that trial, defendant Carlsen and his friend Alan Teeples entered the Cache Valley Mall in Logan. After buying some watch batteries, they walked through the mall to the ZCMI store where Hardy was working. As the two men stood talking near the ZCMI entrance, Hardy walked out of the store. Teeples insulted him, but Hardy continued on his way to another store. Defendant indicated that he wished to wait and see if Hardy would return. According to Teeples, defendant told him to call Hardy another offensive name if he returned and to "tell him that he better not show up for court the next day." Defendant denies having made any such statement.

1. In violation of U.C.A., 1953, 76–8–508(1)(d).

When Hardy returned to ZCMI, Teeples again insulted him, using the specific words allegedly suggested by defendant, and told him he "better not go through with the court the next day." Hardy testified that Teeples also said, "You go through this court tomorrow and you are dead. We'll kill you."

According to Hardy, Teeples' words caused him to be concerned for his personal safety and to reconsider whether he should testify as planned at the next day's trial. However, Hardy did testify.

In this case, defendant was convicted as an accomplice to Teeples in tampering with a witness in violation of U.C.A., 1953, 76–8–508(1)(d), which provides:

A person is guilty of a felony of the third degree if:

(1) Believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a person to:

\* \* \* \* \* \*

(d) Absent himself from any proceeding or investigation to which he has been summoned; . . .

Defendant appeals first on the ground that the trial court erred in allowing Hardy to testify concerning the statements made to him by Teeples at the Cache Valley Mall. Defendant contends that these statements were inadmissible hearsay.

■ Rule 63 of the Utah Rules of Evidence defines hearsay as "evidence of a statement which is made other than by a witness while testifying at the hearing offered to prove the truth of the matter stated." Teeples' statements to Hardy were not offered for their truth. The state's intention was not to convince the court that Teeples' insulting characterization of Hardy was accurate or that Teeples and defendant actually intended to kill Hardy. Its purpose was to show merely that Teeples had

made the statements, because it was these threatening statements which, by attempting to discourage Hardy from testifying, violated the statute. Because they were not offered "to prove the truth of the matter stated," Teeples' statements were not hearsay.

■ Even if Teeples' words met the Utah definition of hearsay, they would be admissible against defendant as adoptive admissions under the Utah Rules of Evidence, Rule 63(8).[2] Evidence was presented to show that in warning Hardy not to testify, Teeples was carrying out defendant's instructions. Defendant was present at the time Teeples made the statements, in which he purported to speak on behalf of both himself and defendant by using the terms "we" and "us." Defendant made no attempt to contradict Teeples' words. By this conduct, defendant authorized and adopted Teeples' statements and they are admissible against defendant as a party to the case. The trial court acted properly in allowing Hardy to testify to these statements.

Defendant also appeals on the basis of insufficiency of the evidence. He asserts that a reasonable doubt must have existed in the mind of the trial judge as to whether Teeples, in confronting Hardy, was acting at defendant's suggestion or on his own initiative. On this subject, Teeples testified that he had acted at defendant's specific request, using even the particular epithets suggested by defendant to describe Hardy. Defendant testified that Teeples acted independently. Because of the conflicting evidence presented to the court on this question, defendant argues that it could not possibly have been resolved against him beyond a reasonable doubt.

■ The presentation of conflicting evidence does not preclude a finding of guilt beyond a reasonable doubt. If so, no de-

2. [Hearsay evidence is] inadmissible except:

\* \* \* \* \* \*

(8) Authorized and Adoptive Admissions. As against a party, a statement (a) by a person authorized by the party to make a statement or statements for him concerning

the subject of the statement, or (b) of which the party with knowledge of the content thereof has, by words or other conduct, manifested his adoption or his belief in its truth; . . .

fendant could ever be convicted in a criminal case where inconsistent evidence was introduced. In this case, the court, acting as the trier of fact in the absence of a jury, was authorized to determine the credibility of the witnesses and to believe or disbelieve any witness. In electing to believe Teeples' version of the facts, the court was aware of the criminal standard of proof to be applied. Defendant has shown no reason why the court could not have found Teeples' testimony to be sufficiently persuasive to dispel any reasonable doubt raised by defendant's own conflicting story.

 Having found that it was defendant who initiated Teeples' conduct towards Hardy, the court properly determined that defendant was Teeples' accomplice. An accomplice is one who

> ... acting with the mental state required for the commission of an offense ... solicits, requests, commands, encourages or intentionally aids another person to engage in conduct which constitutes an offense....

U.C.A., 1953, 76–2–202. Teeples' testimony indicated that defendant solicited, requested and encouraged Teeples to speak to Hardy as he did. The evidence was sufficient to support the trial court in convicting defendant on the basis of this testimony.

Defendant finally appeals on the ground that U.C.A., 1953, 76–8–508 is unconstitutional under the Constitutions of Utah and the United States. He claims that the statute is vague and overly broad in that it failed adequately to inform him that its prohibitions extended to speech as well as conduct. He argues that his conviction under the statute thus violated his rights of due process and free expression.

 In order to find a statute unconstitutionally vague, this Court must determine that it "failed to inform an ordinary citizen who is seeking to obey the laws as to the conduct sought to be prescribed." *State v. Bradshaw*, Utah, 541 P.2d 800, 802 (1975).

Section 76–8–508, quoted above, states unambiguously that a person who "attempts to induce or otherwise cause another person to ... absent himself from any proceeding ... to which he has been summoned" is guilty of a third degree felony. The use of the word "induce" in the statute clearly indicates that it applies to verbal as well as physical interference with a witness. It would not be difficult for "an ordinary citizen who is seeking to obey the laws" to discern that the above language applies to a spoken threat to kill a witness if he should testify at trial.

According to Hardy's testimony, his encounter with Teeples was sufficiently threatening to bring him to a state of "near collapse." It caused him concern for his personal safety and raised questions in his mind about whether to testify. Defendant, who had made no secret of his hostile feelings toward Hardy, reasonably might have foreseen the possibility that a threat to kill Hardy could cause him some anxiety about testifying the following day. Defendant reasonably should have anticipated that such a threat might be construed as tampering with a witness and cannot now claim that the statute gave him no warning.

A witness tampering statute very similar to our own was recently upheld against claims of overbreadth and vagueness in the case of *State v. Stroh*, 91 Wash.2d 580, 588 P.2d 1182 (1979). Defendant, who bears the burden of convincing the Court that the statute is unconstitutional,[3] has shown no reason why this Court should reach a different result from that of the Washington court.

We hold that U.C.A., 1953, 76–8–508 is constitutional.

Affirmed.

STEWART, HOWE and OAKS, JJ., and CALVIN GOULD, District Judge, concur.

---

**3.** *Branch v. Salt Lake City Service Area No. 2 Cottonwood Heights*, 23 Utah 2d 181, 460 P.2d 814 (1969).