**STATE of Utah, Plaintiff and Respondent,**

v.

**Raymond J. EATON, Defendant and Appellant.**

No. 19946.

Supreme Court of Utah.

April 30, 1985.

Ronald J. Yengich, Salt Lake City, for defendant and appellant.

---

David L. Wilkinson, Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was charged and convicted of the offense of tampering with evidence, a second degree felony in violation of U.C.A., 1953, § 76-8-510. His sole contention on appeal is that the evidence was insufficient to prove the offense.

On the night of August 10, 1983, Leland Pollock made an unlawful U-turn in his vehicle and was stopped by Officer Rowe of the Price City Police. Rowe detected the odor of alcohol on Pollock's breath and administered a field sobriety test. After deciding that Pollock was not intoxicated, Rowe released him.

Pollock proceeded to a local lounge. Meanwhile, Rowe reported the incident to defendant Raymond Eaton, a fellow officer in the Price City Police. Shortly thereafter, defendant stopped Pollock as he drove from the lounge. Defendant administered field sobriety tests and arrested Pollock for driving under the influence.

At the police station, defendant administered a breathalyzer test to Pollock. Defendant appeared "startled" when he realized that a jailer at the station had observed him manipulate the breathalyzer machine so as to give a false reading of .12%. The jailer contacted his supervisor, whereupon (just one hour later) another officer tested Pollock's blood-alcohol level at .04%. Sergeant Mark Liddiard went to the station to talk with defendant about the discrepancy of the tests. Although defendant showed Liddiard a breathalyzer test card displaying a .10% reading, Liddiard told defendant to release Pollock.

The following morning, defendant gave his reports from the night before to Lieutenant Alex Shilaos. The lieutenant questioned why Pollock's breathalyzer test card of .10% had been marked "void." Defendant explained that he had trouble getting the test result to print on the card and admitted that .10% was inaccurate. He said that he nevertheless considered Pollock drunk and used the test result merely to detain him.

At his jury trial, defendant pursued this defense, claiming that he thought Pollock was under the influence of drugs and/or alcohol and that he just wanted to get Pollock off the street. There was other evidence adduced that defendant had said he had pushed the breathalyzer needle up because it would look bad to arrest someone with a blood alcohol level of less than .08%.

The jury was instructed on the crime of tampering with evidence (U.C.A., 1953, § 76-8-510) and the crime of falsification or alteration of government records (U.C.A., 1953, § 76-8-511). The jury found defendant guilty of tampering with evidence, a second degree felony. At sentencing, the court reduced the crime to a third degree felony. Defendant was sentenced to prison for a term not to exceed five years and fined $500. Execution of the prison term was suspended, and defendant was placed on probation with the condition that he serve thirty days in the county jail.

The statute under which defendant was convicted provides:

A person commits a felony of the second degree if, believing that an official proceeding or investigation is pending or about to be instituted, he:

(1) Alters, destroys, conceals, or removes anything with a purpose to impair its verity or availability in the proceeding or investigation; or

(2) Makes, presents, or uses anything which he knows to be false with a purpose to deceive a public servant who is or may be engaged in a proceeding or investigation.

In *State v. Helm*, Utah, 563 P.2d 794 (1977), this Court addressed this statute where, like here, the sufficiency of the evidence was challenged. In *Helm*, the Court held that the jury could reasonably believe that the defendant had "concealed or removed" evidence in view of the following facts:

[T]hat there was an official investigation under way; that the defendant ... took possession of evidence relating to it; and that nothing further was seen or heard of it ....

*Id.* at 796.

Defendant attempts to distinguish *Helm* by asserting that in the instant case there was no official proceeding underway. He urges that he only wanted to detain Pollock and that, since he did not have the intention of instituting an official investigation, the evidence was insufficient to convict him. He suggests that his having written "void" on Pollock's breathalyzer test is indicative of his intention and expectation that Pollock would not be prosecuted.

 Our standard of review for a claim of insufficient evidence was stated in *State v. Gehring*, Utah, 694 P.2d 599, 600 (1984), as follows:

> When there is any evidence, including reasonable inferences that can be drawn from it, from which findings of all the requisite elements of the crime can be

reasonably made, our inquiry stops, and we sustain the verdict.

The jury is not obliged to believe a defendant's evidence where there is sufficient evidence of guilt presented. *State v. Carlsen*, Utah, 638 P.2d 512 (1981). In the instant case, there was evidence that defendant had intentionally manipulated the breathalyzer so as to obtain a false reading of .12%. When he realized that he had been seen by the jailer, defendant destroyed the .12% card and created a second card reflecting a false reading of .10%.[1] The jury reasonably could have concluded that defendant had tampered with evidence, believing that an official proceeding or investigation (either of Pollock or of himself) was pending or about to be instituted.

Affirmed.

---

1. Although this .10% card was marked void when defendant reported to Lieutenant Shilaos, Sergeant Liddiard testified that it had not been so marked when he had seen it at the time of Pollock's release.